UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADHAM MAGDY ELEBYANY,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO SHERIFF'S DEPARTMENT, ET AL,<br><br>　　　　　　　　　　Defendants. | Case No.: 20cv2292 DMS (AGS)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND (2) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

　　　　Plaintiff, a non-prisoner proceeding *pro se*, has submitted a Complaint along with a request to proceed *In Forma Pauperis* and a request for appointment of counsel.

**Motion to Proceed IFP**

　　　　All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a); Civil Local Rule 4.5. An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th

1

Cir. 1999). This Court finds Plaintiff's affidavit of assets is sufficient to show he is unable to pay the fees or post securities required to maintain this action. *See* Civil Local Rule 3.2(d). Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

**Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)**

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). Prior to its amendment by the Prison Litigation Reform Act, the former 28 U.S.C. § 1915(d) permitted *sua sponte* dismissal of only frivolous and malicious claims. *Id.* at 1130. The newly enacted 28 U.S.C. § 1915(e)(2), however, mandates that the court reviewing a complaint filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). *Lopez*, 203 F.3d 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting the "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

Here, Plaintiff's Complaint appears to arise out of a domestic dispute with his girlfriend Defendant Melissa Grajek. Specifically, Plaintiff alleges Ms. Grajek made false accusations against him, which resulted in "multiple unlawful arrests" by Defendant San Diego Sheriff's Department. (Compl. at 2.) It appears Plaintiff and Ms. Grajek were also involved in a family court dispute, as Plaintiff alleges improper conduct on the part of two

San Diego Superior Court Judges, William Wood and Harry Powacek, and the San Diego Judicial Committee, all three of which are also named as Defendants. (*Id.*)

To the extent Plaintiff is attempting to allege a claim against the San Diego Sheriff's Department, that claim is not plausible. *See Richardson v. San Diego Sheriff's Office*, No. 320CV02435DMSJLB, 2021 WL 961652, at *3 (S.D. Cal. Mar. 15, 2021) (finding claim against San Diego Sheriff's Office not plausible because that entity is not a "person acting under color of state law"). The same reasoning applies to any claim against the San Diego Judicial Committee. As for any claim against Judge Wood, Plaintiff has not identified the legal basis for such a claim. And as for Judge Powacek, it appears he would be absolutely immune from any claim based on the facts alleged in the Complaint. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (citing *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.") This leaves only Plaintiff's claims against Ms. Grajek, which appear to be for slander, "making false light accusations," and loss of consortium, none of which provides an independent basis for this Court to exercise subject matter jurisdiction.

**Conclusion and Order**

In light of the above, Plaintiff's Motion to Proceed IFP is **GRANTED** and the Complaint is **DISMISSED** without prejudice for failure to state a claim.[1]

**IT IS SO ORDERED**.

Dated: May 14, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[1] In light of this ruling, Plaintiff's request for appointment of counsel is denied.